UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-cv-5

| | |
|---|---|
| BRAIDEN WAITE, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>FISHER'S TOWING & TRANSMISSIONS, LLC and ROBERT S. FISHER, JR., an individual,<br><br>Defendants. | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff, Braiden Waite ("Plaintiff"), on behalf of himself and all others similarly situated, by and through undersigned counsel, and brings this action against Defendants Fisher's Towing & Transmissions, LLC and Robert S. Fisher, Jr., (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 *et seq*.

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, individually, and all other similarly situated current and former non-exempt hourly employees of the Defendants, who elect to opt-in to this action pursuant to the collective action provision of 29 U.S.C. § 216(b) (the "Collective Action Members") that they are entitled to, (i) unpaid wages including overtime premiums for all hours worked exceeding forty (40) in a workweek; (ii) overtime bonus premiums; and (iii) statutory penalties, including liquidated damages, pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically 29 U.S.C. §§ 207, 216(b).

2. Plaintiff further complains, pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and all similarly situated employees of Defendants, who work or worked in the state of North Carolina (the "North Carolina Class") that Defendants violated the NCWHA by failing to pay all wages earned, including overtime, as promised and that Plaintiffs are entitled to all unpaid wages, plus interest, liquidated damages, costs and fees and penalties as allowed for Defendants' violations of the NCWHA, N.C. Gen. Stat. §§ 95-25.1 *et seq.*

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff is, and at all relevant times was, a resident of Granite Falls, North Carolina and worked as a non-exempt hourly employee for Defendants from approximately January 28, 2020 to present as a driver. A written consent form for Plaintiff Waite is attached hereto as Exhibit A, pursuant to 29 U.S.C. § 216(b).

4. Defendant Fisher's Towing & Transmissions, LLC ("Fisher's Towing") is a North Carolina limited liability company and has its principal place of business in Granite Falls, North Carolina.

5. Defendant Robert S. Fisher, Jr. ("Fisher") is, and at all relevant times was, a resident of Granite Falls, North Carolina.

6. Defendant Fisher is an owner of and owns and operates Fisher's Towing.

7. Fisher allocated compensation to employees, made wage payment decisions, set policies and practices regarding employee pay and made, and continues to make, hiring and firing decisions for Fisher's Towing.

8. Plaintiff is informed and believes, and based upon such information and belief alleges, that the Defendants, and each of them, are now and/or at all times mentioned in this

Complaint were in some manner legally responsible for the events, happenings, and circumstances alleged in this Complaint.

9. Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, alter egos, and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director, and/or managing agent, principal, and/or employer, expressly directed, consented to, approved, affirmed, and ratified each and every action taken by the other co-Defendants, as herein alleged and was responsible in whole or in part for the matters referred to herein.

10. Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff, the Collective Action Members, and the North Carolina Class to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

11. Plaintiff is further informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such were co-employers of Plaintiff, the Collective Action Members and the North Carolina Class members.

12. Plaintiff is further informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, at all times mentioned in this Complaint,

concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified, the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

13. Plaintiff is further informed and believes, and based upon such information and belief alleges, that Frank made all decisions on a daily basis regarding pay policies and exerted financial and operative control over Frank Institute, and is therefore individually liable under the FLSA and the NCWHA.

14. Plaintiff is further informed and believes, and based upon such information and belief alleges, that Frank made all decisions on a daily basis regarding pay policies and exerted financial and operative control over Lab Management, and is therefore individually liable under the FLSA and the NCWHA.

15. At all relevant times, Plaintiff and other similarly situated individuals were Defendants' "employees" as that term is defined by the FLSA and the NCWHA.

16. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

17. Defendants employed Plaintiff and employs/employed others in this judicial district, owns and operates a clinic and lab in this judicial district, and is registered to transact business in the State of North Carolina.

18. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claim.

19. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

## COVERAGE ALLEGATIONS

20. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

22. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

23. At all times hereinafter mentioned, Plaintiffs have been employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

24. At all times hereinafter mentioned, Plaintiff was individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

25. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

26. At all times hereinafter mentioned, Plaintiffs were employees within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(4).

## STATEMENT OF FACTS

27. The foregoing paragraphs are incorporated herein by reference.

28. Plaintiff is a good employee and performs his job well.

29. Throughout his employment, Plaintiff received two pay raises.

30. Fisher is the managing member and owner of Defendant Fisher's Towing.

31. Fisher supervised and directed the work of all Fisher's Towing employees and had final decision-making authority over employees' terms and conditions of employment, including wage payment.

32. Employees Roger Fisher, who handles Defendants' scheduling, and Carol Fisher, who handles payroll and other administrative tasks, report to Defendant Fisher.

33. Plaintiff was employed by Defendants as an hourly, non-exempt driver. He primarily operated rollback and other tow trucks.

34. Plaintiff only worked in the state of North Carolina.

35. Plaintiff did not cross state lines while driving the tow or rollback trucks for Defendants.

36. Upon information and belief, other drivers employed by Defendants did not cross state lines while driving Defendants' trucks.

37. Defendants employ non-exempt hourly drivers who generally all perform the same or similar tasks. Defendants have employed drivers during the preceding three (3) years from the filing of this Complaint.

38. Throughout his employment, Plaintiff and other similarly situated employees regularly worked hours in excess of 40 hours per week in many individual weeks.

39. However, Plaintiff and other similarly situated employees were not paid overtime at one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

40. Plaintiff and other similarly situated employees were only paid for overtime hours at their straight-time hourly rate.

41. Since he began his employment with Defendants, Plaintiff has received bonuses at Christmas time and for achieving standards set out by AAA.

42. However, these bonus payments were not included in Plaintiff's overtime payment calculations.

43. Defendants automatically deducted a 30 minute "lunch break" from Plaintiff's time card for each day he worked.

44. This 30 minutes was deducted regardless of whether Plaintiff actually took a lunch break.

45. On a majority of days he worked, Plaintiff was not able to take a lunch break off-the clock.

46. Upon information and belief, Defendants also deducted 30 minutes from other non-exempt hourly drivers' time card for "lunch breaks," regardless of whether other drivers took the lunch breaks.

47. On January 19, 2021, Plaintiff suffered an injury while performing work for the benefit of Defendants. He filed a workers' compensation claim for his workplace injury on or around January 20, 2021.

48. Plaintiff is currently out on workers' compensation leave but remains employed by Defendants.

## **DEFENDANTS' KNOWLEDGE**

49. The foregoing allegations are incorporated herein by reference.

50. At all relevant times, Defendants knew that their non-exempt hourly employees, including drivers, were not being paid proper overtime, thereby willfully violating federal and North Carolina wage and hour laws.

51. At all relevant times, Defendants knew that their non-exempt hourly driver employees routinely worked in excess of forty (40) hours per individual work week. Nonetheless, Defendants knowingly and willfully failed to pay Plaintiff and their similarly situated employees overtime wages for all hours worked in excess of forty (40) hours during individual work weeks, as required by federal and North Carolina wage and hour laws.

52. Defendants benefitted from their unlawful failure to pay Plaintiff and other similarly situated employees minimum wages and overtime pay to which they were entitled, because Defendants reaped more profit from the deceptive scheme.

53. Plaintiff and other similarly situated employees were all subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of overtime pay. As a result of Defendants' knowing and willful failure to pay Plaintiffs and other similarly situated employees in accordance with the requirements of federal and North Carolina wage and hour law, Plaintiff and other similarly situated employees suffered lost wages and other damages.

## COLLECTIVE ACTION ALLEGATIONS

54. The foregoing allegations are incorporated herein by reference.

55. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b), as to claims for unpaid minimum wages, unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.

56. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring their First and Second Causes of action, FLSA claims, on behalf of themselves, individually, and all others similarly situated employees who work or have worked for Defendants who elect to opt-in to this action ("Opt-in Plaintiffs).

57. The FLSA § 216(b) collective action class is properly defined as:

**All current and former non-exempt drivers of Defendants who work or have worked for Defendants anytime during the three-year period preceding the filing of the Complaint in this action.**

58. Consistent with Defendants' policy and pattern or practice, Plaintiff has not been paid minimum wage for all hours worked and Plaintiff and Opt-in Plaintiffs have not been paid premium overtime compensation for all hours worked beyond a forty (40) hour workweek.

59. All of the work that Plaintiff and Opt-in Plaintiffs have performed has been assigned by Defendants, and/or Defendants have been aware of all the work that Plaintiffs and Opt-in Plaintiffs have performed.

60. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and Opt-in Plaintiffs. This policy and pattern and practice includes, but is not limited to:

   a. willfully failing to pay its non-exempt hourly employees minimum wage for all hours worked; and

   b. willfully failing to pay its non-exempt hourly employees, including Plaintiff and Opt-In Plaintiffs, premium overtime wages for all hours worked in excess of forty (40) hours per workweek.

61. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and Opt-in Plaintiffs minimum wage for all hours worked and/or overtime premiums for all hours worked in excess of forty (40) per workweek.

62. Plaintiff and Opt-in Plaintiffs perform or performed the same basic job duties, were subject to the same employment policies, practices and procedures, and have been subject to the same unlawful practices alleged herein.

63. Defendants' policy and practice of failing to pay overtime wages for all hours worked in excess of forty (40) in a workweek as described above was applicable to and affected all of Defendants' non-exempt hourly drivers.

64. Defendants' unlawful conduct has been widespread, repeated, and consistent.

65. There are many similarly situated current and former hourly employees of Defendants who have been denied overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the Opt-in Plaintiffs pursuant to 29 U.S.C. § 216(b).

66. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

67. Plaintiff requests that he be permitted to serve as representatives of those who consent to participate in this action and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

**NCWHA Class**

68. The foregoing allegations are incorporated herein by reference.

69. This action is maintainable as a class action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and pursuant to NCWHA, N.C. Gen. Stat. §§ 95-25.2, 95-25.4 and 95-25.6 for failure to pay promised and earned wages, including overtime, for all hours worked by Plaintiff and members of the proposed class.

70. Plaintiff proposes the same class ("NCWHA Class") for purposes of certification under Rule 23 as under § 216(b) of the FLSA, with the exception that the class period for this state law cause of action is two years from the date of the filing of this Complaint. The proposed NCWHA Class is easily ascertainable. The number and identity of NCWHA Class members are determinable from Defendants' payroll records or records over which they have control, as are the hours assigned and worked, the positions held, and the rates of pay for each class member.

71. The proposed NCWHA Class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members in the NCWHA Class is unknown to Plaintiffs at this time, upon information and belief, the class is comprised of approximately 10-20 persons.

72. There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed NCWHA Class in that Plaintiff and all members of the proposed class have been harmed by Defendants' failure to pay earned wages. The common questions of law and fact include, but are not limited to the following:

   a. whether Defendants refused to pay Plaintiff and members of the proposed class promised and earned overtime wages for all hours worked on their regular pay day in violation of the NCWHA;

   b. whether Defendants' refusal to pay such compensation is in violation of the NCWHA;

      c. whether Defendants made unauthorized deductions from Plaintiff Waite and similarly situated employees; and

      d. Whether Defendants' unauthorized deductions are in violation of the NCWHA.

73. The claims of Plaintiff are typical of those claims that could be alleged by any NCWHA Class member and the relief sought is typical of the relief that would be sought by each member of the class in separate actions. All NCWHA Class members were subject to the same compensation practices of Defendants; i.e. refusing to timely pay promised and earned overtime wages and automatically deducting meal periods. The compensation policies and practices of Defendants affected all class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each class member. Plaintiff and members of the proposed NCWHA Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

74. Plaintiff is able to fairly and adequately protect the interests of all members of the NCWHA Class, and there are no known conflicts of interest between Plaintiff and members of the proposed NCWHA Class. Plaintiff has retained counsel who is experienced and competent in both wage and hour and complex class action litigation.

75. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all NCWHA Class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the loss, injuries, and damages suffered by each of the individual NCHWA Class members are modest, the expenses and burden of individual litigation would make it extremely

difficult or impossible for the individual NCWHA Class members to redress the wrongs done to them. Important public interests will be served by addressing the matter as a class action.

76. The cost to the court system and the public for adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed NCWHA class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## **COUNT I**

**(Violation of Fair Labor Standards Act – Overtime Collective Action)**

77. The foregoing allegations are incorporated herein by reference.

78. Count II arises from Defendants' violation of the FLSA, for its failure to pay all overtime wages earned by Plaintiffs and other similarly situated employees.

79. Defendants violated the FLSA by failing to pay Plaintiffs and other similarly situated employees one and one-half times their lawfully calculated regular rate of pay for all hours worked in excess of forty (40) in one or more individual workweeks.

80. Defendants violated the FLSA by failing to keep, make and preserve accurate records of all time worked by Plaintiff and similarly situated employees.

81. Defendants knew or acted in reckless disregard that its compensation practices violated the FLSA.

82. Defendants' violation of the FLSA was willful.

## COUNT II

**(Violations of North Carolina Wage and Hour Act)**

83. The foregoing allegations are incorporated herein by reference.

84. Count III arises from Defendants' policy and practice of suffering or permitting Plaintiff and other similarly situated hourly employees to work without paying promised and earned wages for all hours worked in violation of N.C. Gen. Stat. §§ 95-25.2, 95-25.4, 95-25.6, 95-25.8 and 95-25.13.

85. Defendants violated N.C. Gen. Stat. §§ 95-25.6 by failing to pay Plaintiffs and similarly situated hourly employees all promised and earned wages and overtime payments on the employees' regular payday for all hours worked.

86. Defendants violated the NCWHA by unlawfully withholding or deducting wages in violation of N.C. Gen. Stat. §§ 95-25.8 and 95.25-13 because Plaintiff Waite and similarly situated employees were never provided written authorizations to deduct any amount from their wages. Employer Defendants never provided advance notice of the deduction.

87. Defendants' violation of the NCWHA was willful.

WHEREFORE, Plaintiff and all employees similarly situated who join this action demand and pray for:

a) This Court to Order the Defendants to file with this Court and furnish to counsel for Plaintiff a list of all names, telephone numbers, home addresses and email addresses of all non-exempt hourly driver employees who have worked for Defendant within the last three years;

b) This Court to authorize Plaintiffs' counsel to issue notice at the earliest possible time to all non-exempt driver employees who have worked for Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of minimum wages and overtime compensation, as required by the FLSA;

c) An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

d) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

e) An Order certifying this action as a class action under the NCWHA and designating the above Plaintiff as class representative on behalf of all those similarly situated non-exempt hourly driver employees;

f) An Order pursuant to the NCWHA finding Defendants liable for unpaid back wages and liquidated damages equal in amount to the unpaid compensation due to Plaintiffs and the class;

g) An Order awarding the costs of this action;

h) An Order awarding reasonable attorneys' fees;

i) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

j) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

*/s/ L. Michelle Gessner*
L. Michelle Gessner, NCSB # 26590
Nicole K. Haynes, NCSB # 47793
GESSNERLAW, PLLC
602 East Morehead Street
Charlotte, North Carolina 28202
Tel: (704) 234-7442
Fax: (980) 206-0286
Email: michelle@mgessnerlaw.com
Email: nicole@mgessnerlaw.com

*Attorneys for Plaintiff and Putative Class Members*